**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JASMINE CHATMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 17-cv-05370 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ALLTRAN EDUCATION, INC., | ) ) | <u>Jury Demanded</u> |
| Defendants. | ) | |

## CLASS COMPLAINT

Plaintiff, Jasmine Chatman, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter that failed to provide her statutorily required notice of rights under the FDCPA.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector with adequate disclosure of her rights under the law.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise

to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where non existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Jasmine Chatman ("Plaintiff"), is a resident of the state of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted student loan account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant Alltran Education, Inc., ("Alltran") is a Illinois corporatoin with its principal place of business at 840 S Frontage Road, Woodridge, Illinois 60517. It is registered to do business in Illinois. Its registered agent is C T Corporation System, located at 208 So. LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

8. Alltran is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Defendant Alltran holds a collection agency license from the State of Illinois "collection agency" as that term is defined at 225 ILCS 425/2 of the ICAA. (Exhibit B, Record from the Illinois Department of Financial and Professional Responsibility).

10. Defendant Alltran regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a consumer student loan account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any alleged debts, and the alleged debt went into default.

13. On or about June 1, 2017, Alltran sent a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

14. The Letter conveyed information regarding the alleged debt, including an account number, and a total balance due on the alleged debt.

15. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

16. The Letter was Alltran's initial communication with Plaintiff.

17. The Letter included the amount of the alleged debt, however, it did not include the notices regarding Plaintiff's rights within thirty-days of the letter to dispute the alleged debt, to obtain verification of the alleged debt, and to request the name and address of the original creditor.

18. Plaintiff did not receive any other letters or notices from Alltran after June 1, 2017.

19. 15 U.S.C. § 1692g(a) of the FDCPA provides as follows:

> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

20. Alltran failed to provide the proper notices of Plaintiff's rights within five days of the initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g(a) of the FDCPA.

21. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

22. Plaintiff, Jasmine Chatman, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendants attempted to collect on a defaulted student loan debt (3) using an initial letter substantially similar to that of

Exhibit C, which (4) does not include language regarding the consumer's right to dispute the alleged debt and request the name of the original creditor.

23. Defendant regularly engages in debt collection, including attempting to collect debt via the mails, in its regular course of business.

24. As the letter was a form letter, the Class likely consists of more than 35 persons from whom Defendant attempted to collect a debt using the Form Letter attached as Exhibit C.

25. Plaintiff Chatman's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

27. Plaintiff Chatman will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Chatman has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

29. Defendant failed to provide the proper notices of Plaintiff's rights within five days of the initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g(a) of the FDCPA.

30. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant as follows:

A. Statutory damages in favor of all class members pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
celethachatman@woodfinkothompson.com