**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JASMINE CHATMAN, individually and on behalf of all others similarly situated, ) ) ) | |
| ) | Case No. 17-cv-05370 |
| Plaintiff, ) | |
| ) | Hon. Amy J. St. Eve |
| vs. ) | |
| ) | Magistrate Judge Jeffrey Gilbert |
| ALLTRAN EDUCATION, INC., ) | |
| ) | <u>Jury Demanded</u> |
| Defendants. ) | |

**<u>SECOND AMENDED CLASS COMPLAINT</u>**

Plaintiff, Jasmine Chatman, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

**<u>JURISDICTION AND VENUE</u>**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**<u>STANDING</u>**

3.      Defendant Alltran Education, Inc. sent Plaintiff a collection letter that failed to indicate how collection costs, fees and other non-collection costs are accruing on an alleged debt that Defendant sought to collect from Plaintiff in violation of the FDCPA.

4.      Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and misrepresentations. *E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.      Plaintiff, Jasmine Chatman ("Plaintiff"), is a resident of the State of Illinois, from who Defendant attempted to collect a consumer debt allegedly owed for a defaulted student loan account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant Alltran Education, Inc., ("Alltran") is an Illinois corporation with its principal place of business at 840 S Frontage Road, Woodridge, Illinois 60517. It is registered to do business in Illinois. Its registered agent is C T Corporation System, located at 208 So. LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

8.      Alltran is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      Defendant Alltran holds a collection agency license from the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Responsibility).

10.      Defendant Alltran regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11.      According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a student loan account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

12.      Due to her financial circumstances, Plaintiff could not pay any debts and the alleged debt went into default.

13.      Alltran was subsequently retained for collection.

14.      On or about June 1, 2017, Alltran sent a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

15.      The Letter conveyed information regarding the alleged debt, including an account number, original creditor, and a total current balance due on the alleged debt.

16.      The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

17.      The Letter was Alltran's initial communication with Plaintiff.

18.      The Letter provides the following information:

. . .
Collection Cost: $640.79
Fees & Other Non-Collection Charges: $24.00

(Ex. C, Letter).

19.     The Letter later indicates that "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

20.     While Alltran states an amount for Collection Cost and Fees & Other Non-Collection Charges, it does not explain how these costs will accrue in the future.

21.     By failing to explain how these fees, costs, and charges are accruing on the alleged debt, Alltran misrepresented the character of the alleged debt.

22.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

**(A) the character, amount, or legal status of any debt; or...**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

23.     Alltran misrepresented the character and amount of an alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10) when it failed to indicate how collection costs, fees, and other non-collection charges were accruing on the alleged debt it sought to collect from Plaintiff.

24.     Failure to explain how collection costs, fees, and other non-collection charges are accruing leaves the unsophisticated consumer "left to guess about the economic consequences of failing to pay immediately." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

25.     Even if the collection costs or fees are minimal, such that they might not "alter [the consumer's] course of action," they are still material because they would be a factor in Plaintiff's decision as to whether or when to pay an alleged debt. Id.

26.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

27.     Plaintiff, Jasmine Chatman, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect on a defaulted student loan debt (3) using an initial letter substantially similar to that of Exhibit C, which (4) lists collection costs, fees, and other non-collection charges (or all three) without indicating how such costs, fees, and charges accrue.

28.     Alltran regularly engages in debt collection, including attempting to collect debt via the mails, in its regular course of business.

29.     As the letter was a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a debt using the Letter attached as Exhibit C.

30.     Plaintiff Chatman's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31.     The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the

Class would, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

32.     Plaintiff Chatman will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Chatman has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

33.     Plaintiff re-alleges above paragraphs as set forth fully in this count.

34.     Alltran misrepresented the character and amount of an alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10) when it failed to indicate how collection costs, fees, and other non-collection charges were accruing on the alleged debt it sought to collect from Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class members and against Alltran as follows:

    A.  Statutory damages in favor of plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    B.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: <u>s/Celetha C. Chatman</u>
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

## <u>CERTIFICATE OF SERVICE</u>

I, Celetha Chatman, an attorney, hereby certify that on February 23, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: February 23, 2018**

Respectfully submitted,

By: <u>/s/</u> *Celetha Chatman*

Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
cchatman@communitylawyersgroup.com